Deborah K. DiMatteo
Complaint # 14-1521

Vs.

New Castle Police Station and
Office Miller

**SEALED**

FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2015 JAN -5 AM 9: 16

☐ LEGIBLE SCAN
(CHECK ONE)
☐ ARCHIVE THIS
PAPER DOCUMENT

"Amended Motion"

I (Deborah K. DiMatteo) am requesting the Federal Court to please add the list of Defendants to my complaint #14-1521.

The reason for adding these Defendants: I (Deborah K. DiMatteo) have followed the proper procedures as directed by the New Castle County Police Station and the chain of command. I (Deborah K. DiMatteo) had recently and had been harrassed by some of the following list of Officials and their employees. Another Reason is their "Position of Responsibilities". The list of the Defendants are on the following pages. (Thank you Federal Court for considering adding these Defendants to my complaint)

Deborah K. DiMatteo

The list of Defendants:

3: New Castle Police Lieutenent Unger

4: New Castle County Police Sergent Caruso

5: New Castle County Police Professional Standards Unit Senior Lieutenent Treadwell

6: (Head of) Professional Standards Unit

7: New Castle County Police Chief (Mr.) Gowan

All the above Defendants have the same address:
3601 N. DuPont Highway
New Castle, Delaware 19720

8: New Castle County Executive Mr. Tom Gordon
Address:
87 Reads Way
New Castle, Delaware 19720

9: Mr. Eddie Parks

10: Governor Jack Markell's (Scheduling Secretary) Ms. Mary Darby

(Continuing list of Defendant's)

11. Governor Jack Markell

Pg 3

The list (9-11) of Defendants have the same address:
    Carvel Building
    820 N. French Street
    Wilmington, Delaware 19801

Pg. 4

These are the Facts:

Defendant 3:
1. I (Deborah K. DiMatteo) spoke to a lieutentent.
2. "Position of Responsibilities" over Officier Miller.

Defendant 4:
1. Negligence
2. "Position of Responsbilities"
3. I (Deborah K. DiMatteo) called NewCastle County Police Station to make an appointment with a sergent.
4. An appointment was made at my request outside of the NewCastle County Police Station.
5. The schedule day (I Deborah K. DiMatteo) can't remember the exact day but it is one of these 4 day's) July 6, 11, 12 or 13, 2014 at 7:00 pm.
6. A NewCastle County Sergent arrived at my residence (July 6, 11, 12 or 13) 221 E. Justis Street, Newport, De. at 7:05pm.

(Continuing facts)
approxietmately.

7. The Sergent that arrived was not the Sergent I (Deborah K. DiMatteo) had the appointment with.

8. The New Castle County Police Sergent did not have a name or any idification & badge on his uniform.

9. I (Deborah K. DiMatteo) had questioned the Sergent about the about the other Sergent I (Deborah K. DiMatteo) had originally had the appointment scheduled with.

10. The New Castle County Police Sergent was at my residence for about 10-15 minutes.

11. The Sergent would not take my complaint. (I (Deborah K. DiMatteo) was making 2 separate complaints about 2 New Castle County Police Officiers.

12. The New Castle County Police Sergent left my residence.

13. There are withnesses.

Continuing list of Defendants pg 6

Defendant 5:
1. Neligence
2. "Position of Responsibilities"
3. On May 24, 2014 at approxietmately 9:30 AM I (Deborah K. DiMatteo) experienced a serious incident envolving a NewCastle County Police SUV.
4. The NewCastle County Police SUV went on (my) the lane I was driving on.
5. The NewCastle County Police SUV had no lights on or no Siren was on.
6. I (Deborah K. DiMatteo) went to the Wawa immediately to call for help, in finding out who the Officer was.
7. I spoke to Lieutentent Treadwell in the "Professional Standards Unit". I (Deborah K. DiMatteo) went into detail about this incident.
8. I (Deborah K. DiMatteo) felt assured the situation envolving the Police SUV

as I (Deborah K. DiMatteo) was talking to Lieutenent Treadwell.

9. Lieutentent Treadwell told me he would investigate this incident.

10. I (Deborah K. DiMatteo) did not hear back from Lieutentent Treadwell or anyone else from the "Professional Standards Unit" about the outcome of the investigation.

11. Approxietmately the 3rd week in June 2014, I (Deborah K. DiMatteo) was advised to call Lieutentent Treadwell in the "Professional Standards Unit" by Mr. Tom Gordon's Scheduling Secretary to contact/call Lieutentent Treadwell in the Professional Standards Unit". (He will be able to help me.)

12. I (Deborah K. DiMatteo) called Lieutentent Treadwell in the "Professional Standards Unit" and spoke to him about my complaint. (I Deborah K. DiMatteo) also had another complaint about another

New Castle County Police Officier.

13. I (Deborah K. DiMatteo) was told by Lieutentent Treadwell to email (jtreadwell@nccde.org) or mail in my complaint. (paper form)

14. I (Deborah K. DiMatteo) in June of 2014 emailed 2 letters to Lieutentent Treadwell. (1 was a complaint about a different Police Officier and the other was briefly (complaint) decribing complaint that I (Deborah K. DiMatteo) had documentation of the incident with Officier Miller.

15. I ~~got~~ (Deborah K. DiMatteo) got copies of the corresponding ~~or~~ which have my emails to the Lieutentent Treadwell, the dates on the emails of which I (Deborah K. DiMatteo) sent Lieutentent Treadwell are not true.

16. My (Deborah K. DiMatteo) ~~email~~ personal account at Delaware Technical College has and is hacked.

Continuing list of facts: Pg 9

Defendant 6:
 1. "Position of Responsibilities"

Defendant 7:
 1. "Position of Responsibilities"

Defendant 8:
 1. I (Deborah K. DiMatteo) emailed Mr. Tom Gordon (2 separate emails). The emails (2) were copies of the emails I (Deborah K. DiMatteo) sent to Lieutentent Treadwell.

Defendant 9:
 1. "Position of Responsibilities"

Defendant 10:
 1. "Position of Responsibilities"

Defendant 11:
 1. "Position of Responsibilities"