IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH K. DIMATTEO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No.14-1521-SLR |
| | ) |
| NEW CASTLE COUNTY POLICE STATION, et al., | ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

1. **Introduction**. Plaintiff Deborah K. DiMatteo Smith ("plaintiff") proceeds pro se and has been granted leave to proceed in forma pauperis. She filed this lawsuit on December 29, 2014 alleging harassment. When the complaint was filed, plaintiff moved to place the file under seal, and the motion was granted. (D.I. 1, 3) The court has reviewed the entire file and concludes that it is not necessary to place this case under seal. Therefore, the Clerk of Court will be directed to unseal this case.

2. **Standard of Review**. A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-

2

pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion**. The original complaint was filed on December 29, 2014 with the New Castle County Police Station ("NCCPS") as the sole defendant. (D.I. 3) On January 5, 2015, plaintiff amended her complaint and added several defendants. (D.I. 5) These defendants were added because plaintiff "followed the proper procedures" as directed by the NCCPS and the chain of command, and she "had recently, and had been, harassed by some of [the] officials and their employees." The additional parties were also named because of "their position of responsibilities."

7. Plaintiff alleges that on March 14, 2012, she went to the NCCPS to file a report. The desk clerk told plaintiff to wait in the lobby for a responding officer to arrive. Officer Miller ("Miller") was the responding officer but, after speaking to plaintiff for five to ten minutes, he would not allow her to file a claim. Miller waited for plaintiff at the exit and motioned her to his police car that was parked in front of the police station. Plaintiff was asked to sit in his car.

8. In September 2013, plaintiff saw Miller at the NCCPS. They spoke to each other and plaintiff was "humiliated." On either May 14 or May 24, 2014, plaintiff was driving on Old Airport Road and a New Castle County police car was driving in the opposite direction with no lights or siren. Plaintiff was startled and had to swerve her

3

car. Plaintiff sought help in identifying the officer and spoke to Lt. Treadwell ("Treadwell") in the Professional Standards Unit. Treadwell told plaintiff he would investigate but she did not hear from either Treadwell or the Professional Standards Unit. Because plaintiff had not heard from Treadwell, she called Tom Gordon's ("Gordon") scheduling secretary who advised her to call Treadwell. Plaintiff called Treadwell during the third week of June 2014, and he told her to submit her complaint by email or through the U.S. mail. Plaintiff emailed two complaints to Treadwell with copies going to Gordon. Plaintiff obtained copies of her emails and states that the dates on the emails are not the correct dates. She concludes that her personal email account has been hacked.

9. Plaintiff alleges that she called the NCCPS to schedule an appointment with a sergeant. On the scheduled day in early July 2014, a New Castle County sergeant arrived at her residence at approximately 7 PM. The sergeant who arrived was not the individual with whom plaintiff had made the appointment. He did not have a name badge or identification badge on his uniform. Plaintiff wished to lodge a complaint against two New Castle County Police officers, but the sergeant would not take her complaint and he left her residence. Plaintiff alleges that she was personally humiliated and that her rights were violated.

10. On January 9, 2016, plaintiff filed a document stating that the instant case is a sexual harassment and harassment case involving a New Castle County policeman. (D.I. 8) She seeks justice so that other Delaware citizens "will never experience this unjustice ever again by an officer." (D.I. 3, ¶ VI)

11. **Pleading deficiency.** The complaint fails to meet the pleading requirements of *Iqbal* and *Twombly*. For example, the complaint does not provide adequate facts to

4

allow the court to discern the specific events or circumstances giving rise to plaintiff's claims. Plaintiff recently indicated that this is a sexual harassment case, but none of the facts as alleged point to sexual harassment. Nor do the facts point to harassment by any defendant. Instead, plaintiff complains that individuals did not respond to her complaints and she had an incident with a police car that caused her to swerve and it frightened her. Having carefully reviewed plaintiff's allegations, the court finds her claims frivolous, fanciful, and without any basis in law.[1] See Neitzke, 490 U.S. at 325.

12. As a general rule, a district court should not dismiss a pro se complaint without granting leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, supra. However, the court finds that granting leave to amend the proposed complaint would be futile.

13. **Conclusion**. For the above reasons, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The court finds amendment futile. A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

Date: January 30, 2015

---

[1] Plaintiff recently advised the court that she has a criminal case pending in the Delaware State Court and that she intended to file a complaint because there is a "federal pedophile/torture mind controlling organization" which a judge in state court "has some part in." (D.I. 7) On January 21, 2015, plaintiff initiated a new lawsuit in this court, DiMatteo v. Raymond, Civ. No. 15-66 (D. Del.).

5